UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| RODOLFO RAMIREZ,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SEQUIUM ASSET SOLUTIONS, LLC,<br><br>　　　　Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 3:21-cv-00238<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes RODOLFO RAMIREZ ("Plaintiff"), by and through his undersigned attorneys, complaining as to the conduct of SEQUIUM ASSET SOLUTIONS, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. § 392 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692, 47 U.S.C § 227, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Southern District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Texas.

## PARTIES

4. Plaintiff is a consumer over 18 years of age residing in Brazoria, Texas, which is located within the Southern District of Texas.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6. Defendant is a third party debt collector[1] and a limited liability company organized under the laws of Georgia. Defendant maintains its principal place of business at 1130 Northchase Parkway SE, Suite 150, Marietta, Georgia 30067. Defendant regularly collects from consumers in the state of Texas.

7. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. The instant action arises out of Defendant's attempts to collect upon a consumer obligation ("subject debt") Plaintiff does not owe.

10. In approximately the summer of 2021, Plaintiff began receiving calls to his previous cellular phone number from Defendant.

11. Plaintiff then acquired the current phone and number.

---

[1] http://www.sequium.com/

12. Subsequently, Plaintiff again began to receive calls to this current cellular phone number, (979) XXX-0222, from Defendant.

13. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -0222. Plaintiff is and always has been financially responsible for the cellular phone and its services.

14. Defendant has used a variety of numbers when placing calls to Plaintiff's cellular phone, including but not limited to (346) 330-5354, (346) 815-2459, (346) 815-2659, and (346) 330-5624, but upon information belief, Defendant has used other numbers as well.

15. Upon information and belief, Defendant regularly utilizes the above-referenced phone numbers in its debt collection activities.

16. When Plaintiff answers the call, he normally experiences moments of silence and dead air and has to say "hello" many times before someone comes on the line.

17. Upon speaking with Defendant, Plaintiff learned that it was calling to collect on the subject debt.

18. Plaintiff then demanded on many an occasion that Defendant cease calling him.

19. Besides, at times Defendant calls Plaintiff's cellular phone and asks for someone else whom Plaintiff does not recognize.

20. Further, Plaintiff did not owe debt.

21. Defendant thus calls Plaintiff for debts owed by others.

22. In any event, despite Plaintiff's demands, Defendant has continued its collection calling campaign to Plaintiff's cellular phone through present.

23. Plaintiff has received no less than 50 calls after demanding it to stop.

24. At times, Defendant calls Plaintiff multiple times a day.

25. Aggravated and frustrated over Defendant's above conduct, Plaintiff spoke with his attorneys regarding his rights, resulting in expenses.

26. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

27. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, interfering with Plaintiff's ability to carry on with daily activities, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff repeats and realleges paragraphs 1 through 27 as though full set forth herein.

29. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

30. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

31. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

32. The subject debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA §§ 1692b & c(b)**

4

33. The FDCPA, pursuant to 15 U.S.C. § 1692b, prohibits a debt collector from "communicating with any person other than the consumer for the purpose of acquiring location information about the consumer." Additionally, under § 1692b(3), a debt collector "shall not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information." Furthermore, under § 1692c(b), "without the prior consent of the consumer given directly to the debt collector…a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency…the attorney of the creditor, or the attorney of the debt collector."

34. Defendant violated §§ 1692b, b(3), and c(b) by contacting Plaintiff on a number of occasions seeking to collect upon a debt allegedly owed by someone else that Plaintiff does not recognize. Defendant had more than enough information to know that it was calling the wrong party. Armed with this information, Defendant nevertheless continued to call Plaintiff's cellular phone repeatedly without his consent, knowing he was not the individual obligated to pay the subject debt.

    b.  **Violations of FDCPA § 1692c(a)(1) and § 1692d**

35. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." § 1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

36. Defendant violated §§ 1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to stop. Defendant called Plaintiff numerous times after he demanded that it stop calling. This repeated behavior of systematically calling Plaintiff's phone in spite of his demands was harassing and abusive. The frequency and nature of calls shows that Defendant willfully ignored Plaintiff's pleas with the objective of annoying and harassing him.

37. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to him.

38. Defendant further violated 15 U.S.C. § 1692d when it used robo-dialing to reach Plaintiff whereby Plaintiff was greeted with dead air and silence and had to repeatedly shout hello before being connected. Such automated robo-dialing at such frequency is harassing and abusive.

    c. **Violations of FDCPA § 1692e**

39. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

40. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

41. Defendant violated 15 U.S.C. §§ 1692e and e(10) when it attempted to collect a debt not owed by Plaintiff. Defendant asked for someone else at Plaintiff's number multiple times whom Plaintiff does not recognize.

42. Defendant further violated §§ 1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that it stop contacting him, Defendant continued calling. Instead of putting an end to this harassing behavior, Defendant systematically placed calls to Plaintiff's cellular phone in a deceptive attempt to force

him to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him when it no longer could do so.

### d. Violations of FDCPA § 1692f

43. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

44. Defendant violated § 1692f when it unfairly and unconscionably attempted to collect on a debt not owed by Plaintiff by continuously calling Plaintiff after being notified to stop. Attempting to coerce Plaintiff into payment by placing systematic phone calls without his permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

45. As pled in paragraphs 25 through 27, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff RODOLFO RAMIREZ respectfully requests that this Honorable Court enter judgment in his favor as follows:

  a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

  b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

  c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

  d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3); and

  e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

46. Plaintiff restates and realleges paragraphs 1 through 45 as though fully set forth herein.

47. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

48. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. §§ 392.001(6)&(7).

49. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

    a. **Violations of TDCA § 392.302**

50. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

51. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone numerous times after he notified it to stop calling. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately submit a payment. Rather than understanding Plaintiff's situation and abiding by his wishes, Defendant continued in its harassing campaign of phone calls in hopes of extracting payment.

52. Upon being told to stop, Defendant had ample reason to be aware that it should not continue its harassing calling campaign. Yet, Defendant consciously chose to continue placing systematic calls to Plaintiff's cellular phone knowing that its conduct was unwelcome.

    b. **Violations of TDCA § 392.304**

53. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

54. Defendant violated the TDCA through the implicit misrepresentations made through calls placed to Plaintiff's cellular phone. Through its conduct, Defendant represented to Plaintiff that it had the lawful ability to continue contacting his cellular phone absent his consent. Such ability was revoked upon Plaintiff demanding that Defendant stop calling his cellular phone, illustrating the deceptive nature of Defendant's conduct.

WHEREFORE, Plaintiff RODOLFO RAMIREZ respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: September 3, 2021                               Respectfully submitted,

s/ Nathan C. Volheim                                   s/ Eric D. Coleman
Nathan C. Volheim, Esq. #6302103                       Eric D. Coleman, Esq. #6326734
Federal I.D. No. 3098183                               Federal I.D. No. 3442886
Counsel for Plaintiff                                  Counsel for Plaintiff
Admitted in the Southern District of Texas             Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.                               Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                    2500 South Highland Ave., Suite 200

Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

Lombard, Illinois 60148
(331) 307-7648 (phone)
(630) 575-8188 (fax)
ecoleman@sulaimanlaw.com

s/ Alejandro E. Figueroa
Alejandro E. Figueroa, Esq. # 6323891
Federal I.D. No. 3470107
Counsel for Plaintiff
Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois
(630) 575-8181, ext. 120 (phone)
(630) 575-8188 (fax)
alejandrof@sulaimanlaw.com