UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| RODOLFO RAMIREZ, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 3:21-cv-00238 |
| | § | |
| | § | |
| SEQUIUM ASSET SOLUTIONS, | § | |
| LLC, | § | |
| *Defendant.* | § | |

---

**DEFENDANT SEQUIUM ASSET SOLUTIONS, LLC'S
MOTION FOR SUMMARY JUDGMENT**

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant SEQUIUM ASSET SOLUTIONS, LLC ("SAS"), by and through its undersigned counsel, and files its Motion for Summary Judgment as follows:

## INTRODUCTION

On September 3, 2021, Plaintiff filed his Complaint in this Court. Doc. 1. Plaintiff complains of alleged violations of both the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA") and the Texas Debt Collection Act, Tex. Fin. Code Ann., § 392 *et seq.* (the "TDCA"). Specifically, all of Plaintiff's claims come done to a single allegation—that Plaintiff allegedly requested that SAS stop calling and that SAS refused to do so. Doc.

<u>1</u> at 3-4.   SAS now moves for summary judgment against all of Plaintiff's claims.

SAS' defense is simple and straightforward—Plaintiff never requested calls to stop.  The record before the Court conclusively shows that SAS never spoke with Plaintiff.  And, insofar as Plaintiff and SAS never spoke, Plaintiff could not have requested calls to stop.  Moreover, Plaintiff even admitted during his deposition that he never spoke with anyone at SAS.  For these reasons and others which are further expounded upon below, SAS respectfully requests that this Court grant its *Motion for Summary Judgment* and dismiss Plaintiff's Complaint with prejudice.

## STANDARD OF LAW

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the district court of the basis for its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumber, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate where

the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (citing *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995); *Little*, 37 F.3d at 1075). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Stults*, 76 F.3d at 656 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), cert. denied, 513 U.S. 871, 115 S. Ct. 195, 130 L. Ed. 2d 127 (1994)). It may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Intern.*, 343 F.3d 401, 405 (5th Cir. 2003) (citing *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).

Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or

whether it is so one-sided that one party must prevail as a matter of law.'" *Septimus v. Univ. of Hous.*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

## ARGUMENTS & AUTHORITIES

**I.    All of Plaintiff's FDCPA claims fail because he never requested SAS to cease calling.**

Plaintiff alleges SAS has violated multiple provisions of the FDCPA. For Plaintiff to bring a FDCPA claim, Plaintiff must allege specific facts in support of each of the following elements: 1) the plaintiff is a consumer; 2) the debt at issue is a consumer debt; 3) the defendant is a debt collector; and 4) the defendant has violated 15 U.S.C. § 1692. *See Whittiker v. Deutsche Bank Nat. Trust Co.*, 605 F. Supp. 2d 914, 926 (N.D. Ohio 2009) (mem. op.); *see also Garcia v. Jenkins/Babb LLP*, No. 3:11-CV-3171-N-BH, 2013 U.S. Dist. LEXIS 101951, 2013 WL 3789830, at *5-8 (N.D. Tex. July 22, 2013); *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

Plaintiff claims SAS violated the following sections of the FDCPA—15 U.S.C. §§ 1692b, b(3), c(a)(1), c(b), d, d(5), e, e(10), and f. Doc 1 at 4-7. However, despite throwing the proverbial kitchen sink at SAS, Plaintiff's claims all boil down to a single allegation—Plaintiff allegedly requested that SAS stop calling him and the SAS refused to stop. *See* Doc. 1 at 5 ("Armed with this information,

460-0063 - MSJ

Defendant nevertheless continued to call Plaintiff's cellular phone repeatedly without his consent . . . ." – Discussing Plaintiff's 15 U.S.C. §§ 1692b, b(3) and c(b) claims); *See* <u>Doc. 1</u> at 6 ("Defendant called Plaintiff numerous times after he demanded that it stop calling." – Discussing Plaintiff's 15 U.S.C. §§ 1692c(a)(1), d, and d(5) claims); *See* <u>Doc. 1</u> at 7 ("Defendant violated § 1692f when it unfairly and unconscionably attempted to collect on a debt not owed by Plaintiff by continuously calling Plaintiff after being notified to stop.").

Despite Plaintiff's meritless allegations to the contrary, the record before the Court establishes that Plaintiff never requested calls to stop.  There are two (2) sets of accounts notes one (1) call log, and six (6) recordings that are relevant to Plaintiff and his claims.   *See* <u>Exhibits A-E</u>.[1]  This evidence conclusively establishes that Plaintiff never asked SAS to stop calling.  *Id*.  The relevant account notes and call log provide no indication that Plaintiff requested calls to stop, and, most significantly, the six (6) call recordings confirm that Plaintiff never requested calls to stop.  *Id*.

Moreover, not only did Plaintiff never request calls to stop, the evidence before the Court shows that **Sequium never even spoke with Plaintiff**.  In fact, Plaintiff admitted to never speaking with SAS during his deposition:

---

[1] SAS has incorporated all of these documents into its *Motion for Summary Judgment* through <u>Exhibit A</u> - the Declaration of Meghan Jean. As for the call recordings specifically, an identical copy of the call recordings have been sent to both the Court and Plaintiff's counsel via overnight mail at the time of filing.

Q.      Okay.  How many times did you speak with Sequium?

A.      I never really spoke with them.  I always answered and it would take too long for somebody else to answer back.  So one time I told them to stop calling me.[2]

Q.      Okay.  You mentioned -

A.      But the only re -

Q.      Go ahead.  I'm sorry.

A.      No.  The only reason I knew -- I found out it was Sequium because I wrote down the number and, you know, went on Google, and I was trying to find out who it was.  And I would block one of the numbers from them and they would call me from another number, and that happened about four times.  I would block one number and they would call me from another number.

Q.      Okay.  Now, did I hear you correctly that you said you never spoke with anyone at Sequium?

A.      Yeah, I never – **I never spoke with anyone**.

Exhibit F - Ramirez Depo. at 20:13-21:6 (emphasis added).

SAS has substantial, corroborating evidence that confirms Plaintiff never requested SAS to stop calling.  *See* Exhibits A-F.  SAS' account notes, call long, and call recordings all conclusively establish that Plaintiff's claims are without merit.  Put another way, the record before the Court demonstrates there is no genuine issue of material fact as to the failure of Plaintiff's claims.

---

[2] Plaintiff later clarified his testimony that while he may have asked for calls to stop, he made that request knowing that there was nobody on the phone on SAS' end.  Exhibit F – Ramirez Depo. at 21:13-15.

460-0063 - MSJ

As such, SAS respectfully requests that this Court grant summary judgment in its favor as to all of Plaintiff's FDCPA claims thereby dismissing this case with prejudice.

## II.    Plaintiff's 15 U.S.C § 1692b claims fail because SAS did not attempt in acquire any information as is necessary to prevail under his claim.

SAS asserts that all of Plaintiff's claims should be disposed of based on the arguments above.   However, Plaintiff has cast his net so wide in the number of provisions he invokes under the FDCPA that SAS believes Plaintiff may try to assert that the arguments above to not dispose of his 15 U.S.C. § 1692b claims.  As such, SAS will provide an addition reason why Plaintiff's 15 U.S.C. § 1692b claims fail (despite SAS' assertion that another reason is unnecessary).

Section 1692b delineates certain requirements for a debt collector to communicate with a third-party to acquire location information about a "consumer," or a "person obligated or allegedly obligated to pay any debt."  15 U.S.C. §§ 1692a(3), 1692b.  Specifically, 15 U.S.C. §§ 1692b and b(3) provide:

> Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall—
>
> > (3) not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information.

460-0063 - MSJ

15 U.S.C. §§ 1692b and b(3).

The provision of the FDCPA Plaintiff sues under prohibits a debt collector from communicating "with any person other than the consumer for the purpose of ***acquiring location information*** about the consumer . . . ***more than once***" without the consumer's prior consent or a court's express permission. 15 U.S.C. § 1692b(3) (emphasis added).   Here, the record conclusively establishes that SAS never sought "location information" from Plaintiff—much less more than once.  *See* <u>Exhibits A-F</u>.  Moreover, Plaintiff admitted during his deposition that SAS never sought location information from him.  <u>Exhibit F - Ramirez Depo.</u> at 23:9-11 ("Q. Okay. Did Sequium ever ask you for any location information for any person? A. No.").

Courts in Texas have consistently granted summary judgment in favor of collection agencies under the same or similar facts.  *Perez v. Enhanced Recovery Co.*, LLC, No. 5:17-CV-1293-DAE, 2019 U.S. Dist. LEXIS 177663, at *11-12 (W.D. Tex. Aug. 5, 2019); *Chapin v. Credit Control Servs.*, No. 4:18-CV-00996, 2020 U.S. Dist. LEXIS 69262, at *5 (S.D. Tex. Feb. 11, 2020) ("Here, Plaintiff has provided no evidence showing that Defendant conveyed "information regarding a debt" to her on more than one occasion.").  In granting summary judgment in favor of a collection agency, the *Perez* Court held the following:

460-0063 - MSJ

> The uncontested evidence establishes that, although ERC placed fifteen phone calls to the telephone number ending in 1964, the two parties only communicated twice. (Dkt. # 32-2 ¶¶ 13, 20; Ex.1 at 8.) During these two conversations, ERC inquired about the identity of the person at the telephone number ending in 1964, and about whether or not that person knew the debtor it was seeking. (Dkt. # 32-2 ¶¶ 13, 20.) However, nowhere in either of these conversations did ERC attempt to acquire the location of the actual debtor. See 15 U.S.C. § 1692a(7) ("The term 'location information' is defined as a consumer's place of abode and his telephone number at such place, or his place of employment.").

*Perez*, 2019 U.S. Dist. LEXIS 177663, at *11-12.

Here, the facts are even more favorable to SAS than those in *Perez*. SAS never had a conversation with Plaintiff—much less did SAS ask Plaintiff about location information. *See* Exhibits A-F. And, not only did SAS not ask about location information once, it did not do so more than once either. *Id.*; *Chapin*, 2020 U.S. Dist. LEXIS 69262, at *5. As such, SAS respectfully requests that this Court grant summary judgment in its favor as to all of Plaintiff's 15 U.S.C. § 1692b claims thereby dismissing them with prejudice.

## III.   Plaintiff lacks consumer standing and therefore cannot prevail on his 15 U.S.C. 1692c claims.

Plaintiff alleges that SAS violated §§ 1692c(a)(1) and c(b) of the FDCPA. These provisions read as follows:

> (a)   Communication with the consumer generally

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt-

460-0063 - MSJ

(1)     at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location;

(b)     Communication with third parties

Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, [*9] or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. §§ 1692c(a)(1) and c(b).

Each of these sections apply, by their express terms, only to "consumers," thereby limiting relief only to "consumers." *Montgomery v. Huntington Bank*, 346 F.3d 693, 696-97 (6th Cir. 2003). A consumer is defined by the FDCPA as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). Therefore, only a person under an obligation to pay a debt, or is alleged to be under such an obligation, has standing to sue for relief for any alleged violations under § 1692c. *See Montgomery*, 346 F.3d at 696-97.

Courts have consistently held that individuals who are not the consumer lack standing to bring claims that only the consumer can bring. *Coleman v.*

*Credit Mgmt., LP*, No. 3:10-CV-2312-M, 2011 U.S. Dist. LEXIS 127067, at *10 (N.D. Tex. Nov. 2, 2011) ("Plaintiff's argument that the repeated calls give rise to an inference that Defendant was alleging Plaintiff to be liable for the debt is not supported in the record or by law. The Court finds Plaintiff is not a consumer as defined under the FDCPA, and thus, as a matter of law, she cannot recover under § 1692c."); *Perez*, 2019 U.S. Dist. LEXIS 177663, at *9 ("Because Plaintiff is not a "consumer," she lacks standing, and therefore has no legal right to bring suit over the alleged violations of 15 U.S.C. §§ 1692c(a)(1) and 1692c(b)."); *Prophet v. Myers*, No. H-08-0492, 2009 U.S. Dist. LEXIS 43232, 2009 WL 1437799, at *3 (S.D. Tex. May 21, 2009) ("A third party, non-debtor does not have standing to assert a FDCPA violation based on collection efforts aimed at someone else"); *See also Deuel v. Santander Consumer USA, Inc.*, 700 F. Supp. 2d 1306, 1312 (S.D. Fla. 2010) (holding that, "[p]laintiff never alleges that she was ever obligated to pay the Debt. Likewise, Plaintiff never alleges that Defendant told her she was obligated to pay the Debt. Thus, Plaintiff is not a "consumer" within the FDCPA. Accordingly, Plaintiff does not have standing to maintain an action for violation of 15 U.S.C. § 1692c(b).").

      Here, the record is clear—Plaintiff lacks consumer standing. *See* <u>Exhibits A-F</u>. The account notes and call logs show that the debts at issue were

460-0063 - MSJ

not owed by Plaintiff.  *Id*.  Moreover, when asked about the debt, Plaintiff

stated it was not his debt:

> Q.     Okay.  Are you familiar with the debt at issue in this case?
>
> A.     Not really.  I just – I don't think it's mine.  I mean, I – I –
> know it's – I believe it's not mine.

Exhibit F - Ramirez Depo. at 16:25-17:4.

Both the record and Plaintiff's own admission make clear that Plaintiff

lacks consumer standing to bring his claims under 15 U.S.C. § 1692c.  As such,

SAS respectfully requests that this Court grant summary judgment in its favor

as to all of Plaintiff's 15 U.S.C. § 1692c claims thereby dismissing them with

prejudice.

## IV.   Plaintiff's FDCPA claims must fail because he cannot establish that the debts at issue are consumer debts—a necessary element to all FDCPA claims.

As mentioned previously, in order for Plaintiff to bring a FDCPA claim,

Plaintiff must allege specific facts in support of each of the following elements:

1) the plaintiff is a consumer; 2) the debt at issue is a consumer debt; 3) the

defendant is a debt collector; and 4) the defendant has violated 15 U.S.C. §

1692. *See Whittiker v. Deutsche Bank Nat. Trust Co.*, 605 F. Supp. 2d 914, 926

(N.D. Ohio 2009) (mem. op.); *see also Garcia v. Jenkins/Babb LLP*, No. 3:11-

CV-3171-N-BH, 2013 U.S. Dist. LEXIS 101951, 2013 WL 3789830, at *5-8

460-0063 - MSJ

(N.D. Tex. July 22, 2013); *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

"Whether a debt is a consumer debt is determined by the use of loan proceeds by the borrower, not by the motive or intent of the lender." *Garcia v. LVNV Funding LLC*, No. A-08-CA-514-LY, 2009 WL 3079962, at *3 (W.D. Tex. Sept. 18, 2009) (citing *Bloom v. IC Sys., Inc.*, 753 F. Supp. 314, 317 (D. Or. 1990)). Plaintiffs must present evidence that the particular alleged debt in question meets the statutory definition of consumer debt. *Browne v. Portfolio Recovery Assocs., Inc.*, No. CIV.A. H-11-02869, 2013 WL 871966, at *4 (S.D. Tex. Mar. 7, 2013).

Here, Plaintiff cannot establish that the debt at issue is a consumer debt—a necessary element to prevail under an FDCPA claim.  When asked whether he knew anything about the debt at issue, Plaintiff's response was, "not really."  <u>Exhibit F - Ramirez Depo.</u> at 16:25-17:4 (Q. Okay.  Are you familiar with the debt at issue in this case? A. Not really.  I just – I don't think it's mine.  I mean, I – I – I know it's – I believe it's not mine.").  As such, SAS respectfully requests that this Court grant summary judgment in its favor as to all of Plaintiff's claims thereby dismissing this case with prejudice.

## V.     Plaintiff's TDCA claims for the same reasons Plaintiff's FDCPA claims fail.

Plaintiff alleges SAS has violated two (2) provisions of the TDCA.  First, Plaintiff alleges SAS violated § 392.302(4) which states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."  Tex. Fin. Code Ann., § 392.302(4).   Second, Plaintiff alleges SAS violated § 392.304(19) which prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."  Tex. Fin. Code Ann., § 392.304(19).

Moreover, just like his FDCPA claims, Plaintiff's TDCA claims are based entirely on Plaintiff's allegation that he requested SAS to stop calling him and that SAS failed to do so.  <u>Doc. 1</u> at 8 ("Upon being told to stop, Defendant had ample reason to be aware that it should not continue its harassing calling campaign. Yet, Defendant consciously chose to continue placing systematic calls to Plaintiff's cellular phone knowing that its conduct was unwelcome."); <u>Doc. 1</u> at 9 ("Through its conduct, Defendant represented to Plaintiff that it had the lawful ability to continue contacting his cellular phone absent his consent. Such ability was revoked upon Plaintiff demanding that Defendant

stop calling his cellular phone, illustrating the deceptive nature of Defendant's conduct.").

"The conduct prohibited under the TDCA is coextensive with that prohibited under the FDCPA, at least insofar as '[t]he same actions that are unlawful under the FDCPA are also unlawful under the TDCA.'" *Gomez v. Niemann & Heyer, LLP*, No. 1:16-CV-119 RP, 2016 U.S. Dist. LEXIS 82443, 2016 WL 3562148, at *6 (W.D. Tex. June 24, 2016) (citing *Bullock v. Abbott & Ross Credit Servs., LLC*, No. A-09-CV-413, 2009 U.S. Dist. LEXIS 112265, 2009 WL 4598330, at *2 n.3 (W.D. Tex. Dec. 3, 2009)). Because the FDCPA and TDCA are isomorphic (that is, they share the same general structure but are identified by different names), courts generally apply the same analysis to assess the sufficiency of a FDCPA claim and a TDCA claim. *Fiddick v. Bay Area Credit Serv., LLC*, No. 3:18-CV-00416, 2019 U.S. Dist. LEXIS 70177, 2019 WL 1858824, at *4 (S.D. Tex. Apr. 25, 2019); *Paul v. Trans Union, LLC*, No. 4:20-CV-00794-SDJ-CAN, 2021 U.S. Dist. LEXIS 149645, at *45 (E.D. Tex. July 21, 2021).   As such, SAS respectfully requests that this Court grant summary judgment in its favor as to all of Plaintiff's TDCA claims for the same reason(s) provided for Plaintiff's FDCPA claims.

460-0063 - MSJ

## VI.   Plaintiff's TDCA claim fails because he suffered no actual damages.

Unlike the FDCPA, in order to prevail under the TDCA, a plaintiff ***must*** show that he suffered actual, foreseeable injury as a result of the defendant's wrongful act(s).  Tex. Fin Code § 392.403(a)(2); *Brown v. Oaklawn Bank*, 718 S.W.2d 678, 680 (Tex. 1986); *Elston v. Resolution Servs.*, 950 S.W.2d 180, 184-85 (Tex. App.—Austin 1997, no writ).  However, Plaintiff cannot meet his burden.  During his deposition, Plaintiff admitted that he did not suffer nor is he seeking actual damages:

Q.   I can.  Are you seeking actual damages in this case?

A.   No.  Did – did you get my answer?

Exhibit F - Ramirez Depo. at 30:19-21.

Plaintiff has admitted that he cannot prove an essential element of his claim.  As such, SAS respectfully requests that this Court grant summary judgment in its favor as to all of Plaintiff's TDCA claims for the same reason(s) provided for Plaintiff's FDCPA claims.

## VII.   Plaintiff is not entitled to actual damages for his FDCPA claim.

SAS strongly believes that the record before the Court warrants dismissal of all of Plaintiff's claims with prejudice.  However, in the event that Plaintiff's FDCPA claim(s) survive, Plaintiff is not entitled to actual damages for those claims.  As mentioned in Section VI, Plaintiff stated during his

460-0063 - MSJ

deposition that he is not seeking actual damages in this case.  <u>Exhibit F - Ramirez Depo.</u> at 30:19-21.

## CONCLUSION

Plaintiff's single allegation which gives rise to all of his claims before the Court is entirely without merit.  Not only did Plaintiff not request SAS to stop calling him, but Plaintiff and SAS never spoke with each other—a fact which Plaintiff admits in his deposition.  Plaintiff's FDCPA claims also fail because he cannot establish that the debt at issue is a consumer debt as defined by the FDCPA.  Moreover, Plaintiff's § 1692b claims fail because SAS never sought location information from Plaintiff, and Plaintiff's § 1692c claims fail because Plaintiff lacks consumer standing.  Plaintiff's TDCA claims fall for the same reasons.

As such, SAS respectfully requests that this Court grant summary judgment in its favor as to all of Plaintiff's claims thereby dismissing this case with prejudice.

460-0063 - MSJ

Dated: June 3, 2022

Respectfully submitted,

**MALONE FROST MARTIN PLLC**

/s/ Xerxes Martin
EUGENE XERXES MARTIN, IV
State Bar No. 24078928
Email: xmartin@mamlaw.com
COOPER M. WALKER
State Bar No. 24098567
Email: cwalker@mamlaw.com
**MALONE FROST MARTIN PLLC**
NorthPark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
T: 214-346-2630 | F: 214-346-2631

**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded to the following party via **CM/ECF** system, on this 3rd day of June, 2022.

Alejandro Emmanuel Figueroa
Eric Donald Colema
Nathan Charles Volheim
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Alexfigueroa9087@gmail.Com
Ecoleman@sulaimanlaw.com
Nvolheim@sulaimanlaw.com

/s/ Cooper Walker
COOPER M. WALKER

460-0063 - MSJ