# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | |
|---|---|
| RODOLFO RAMIREZ, <br><br> Plaintiff, <br><br> v. <br><br> SEQUIUM ASSET SOLUTIONS, LLC, <br><br> Defendant. | Case No. 3:21-cv-00238 <br><br> Honorable Jeffrey V. Brown |

## PLAINTIFF'S MOTION TO DISMISSS COMPLAINT WITH PREJUDICE

NOW comes RODOLFO RAMIREZ ("Plaintiff"), by and through his undersigned counsel, brings this Motion to Dismiss Complaint with Prejudice, all parties to bear their own fees. In support thereof, state as follows:

1. On September 3, 2021, Plaintiff filed his Complaint alleging that SEQUIUM ASSET SOLUTIONS, LLC ("Defendant") violated the Fair Debt Collection Practices Act under 15 U.S.C. §1692 *et seq.* and the Texas Debt Collection Act under Tex. Fin. Code Ann. § 392 *et seq*.

2. On June 3, 2022, Defendant filed a Motion for Summary Judgment [Dkt. No. 21].

3. Although it is Plaintiff's position that genuine issues of fact and law remain in dispute, upon considering the nature of Defendant's dispositive motion and out of a desire to avoid the time and costs of continued prosecution, Plaintiff has determined that he no longer wishes to pursue his claims against Defendant.

4. Pursuant to Fed. R. Civ. P. 41(a)(2), "an action may be dismissed at the Plaintiff's request only by court order, on terms that the court considers proper." Dismissal under Rule 41(a)(2) is within the sound discretion of the Court. *Tyco Laboratories, Inc. v. Koppers Co., Inc.,* 627 F.2d 54, 56 (7th Cir. 1980). In exercising its discretion, a court must seek to prevent prejudice to the non-moving parties. *Puerto Rico Maritime Shipping Authority v. Leith,* 668 F.2d 45 (1st Cir. 1981). Generally speaking, plaintiffs should be permitted to dismiss their actions freely, unless the defendant would suffer plain legal prejudice. *See Ratkovich v. Smith Kline & French Laboratories,* 1990 U.S. Dist. LEXIS 1279, *8-9 (N.D. Ill. Feb. 2, 1990). Dismissing a claim with prejudice is a protective measure designed to protect defendants from any prejudice stemming from a dismissal. *Id.*

5. Because the instant motion seeks a dismissal of Plaintiff's Complaint *with* prejudice, Defendant will suffer no legal prejudice as a result of Plaintiff dismissing the instant action. Therefore, Plaintiff should be permitted to dismiss his action freely.

WHEREFORE, Plaintiff, RODOLFO RAMIREZ, respectfully requests that this Honorable Court grant Plaintiff's Motion to Dismiss Complaint with Prejudice with each party to bear its own attorney's fees, and for any further relief deemed just and appropriate.

DATED: July 8, 2022

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

## **CERTIFICATE OF CONFERENCE**

On June 21, 2022, the undersigned contacted Defendant's lead counsel, Cooper Walker, via email to confer about the foregoing Motion to Dismiss and he has advised that Defendant is opposed to the filing of this motion.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 8, 2022, a copy of the foregoing was filed electronically via CM/ECF with the United States District Court, Central District of Illinois, Urbana Division, with notification being sent electronically to all counsel of record.

                                                           s/ Nathan C. Volheim
                                                          Nathan C. Volheim, Esq. #6302103