IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **RODOLFO RAMIREZ,** § | | |
| § | | |
| Plaintiff, § | **CASE NO.: 3:21-CV-00238** | |
| v. § | | |
| § | | |
| **SEQUIUM ASSET SOLUTIONS, LLC,** § | | |
| § | | |
| Defendant. § | | |

**DEFENDANT SEQUIUM ASSET SOLUTIONS, LLC'S
MOTION FOR SANCTIONS UNDER 28 U.S.C. § 1927 AND 15 U.S.C. § 1692k**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant SEQUIUM ASSET SOLUTIONS, LLC ("Defendant" or "Sequium") and files its Motion for Sanctions under 28 U.S.C. § 1927. Sequium states as follows:

**I.
SUMMARY OF ARGUMENT**

1. Sequium seeks to recover its attorney's fees and costs under 28 U.S.C. § 1927 from Plaintiff's lead counsel, Nathan Volheim ("Mr. Volheim") of Sulaiman Law Group LTD ("SLG"). The conduct of Mr. Volheim warrants sanctions under § 1927. Mr. Volheim's actions during the entire litigation of this suit unreasonably and vexatiously multiplied the proceedings in this case. Specifically, Mr. Volheim and SLG possessed evidence showing that this client's claims were without merit, and that his client in fact no longer wished to pursue his claims. Sequium now files its Motion for Sanctions under 28 U.S.C. § 1927 to

recover its attorney's fees and costs incurred due to the actions of Plaintiff's lead counsel, Nathan Volheim.

2. Sequium also seeks to recover its attorney's fees and costs under 15 U.S.C. § 1692k(a)(3). The Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, allows a defendant to recover its reasonable attorney's fees and costs when defending a case brought in bad faith and for the purpose of harassment. Mr. Ramirez's deposition testimony contradicts his own allegations. Although he alleges that he requested calls from Sequium cease on multiple occasions and that despite said requests, calls did not cease, he testified that he has in fact never spoken with anyone at Sequium. Sequium now files its Motion under 15 U.S.C. § 1692k to recover its reasonable attorney's fees and costs incurred due to Mr. Ramirez bringing this case in bad faith and for the purpose of harassment.

## II.
## ARGUMENT AND AUTHORITIES

**A.     Standard of Law – 28 U.S.C. § 1927.**

3.      28 U.S.C. § 1927 provides in pertinent part:

> An attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. To justify such sanctions, the three elements of the statute must be met. First, an attorney must engage in unreasonable and vexatious conduct. Second, this conduct must multiply the proceedings. Third, the amount of the sanction cannot exceed the costs incurred due to the unreasonable conduct. *See Schwartz v. Millon Air, Inc.,* 341 F.3d 1220,

1225 (11th Cir. 2003).

4.  Sanctions under 28 U.S.C. § 1927 require "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Bryant v. Military Dep't of Mississippi*, 597 F.3d 678, 694 (5th Cir. 2010) (quoting *Proctor & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 525-26 (5th Cir. 2002)). Under § 1927, the Fifth Circuit generally requires a detailed finding that the proceedings were both "unreasonable" and "vexatious." *FDIC v. Calhoun*, 34 F.3d 1291, 1297 (5th Cir. 1994). Thus, the Court must make a separate determination on both the issue of the reasonableness of the claims and the purpose for which suit was instituted. *Calhoun*, 34 F.3d at 1300 (citing *FDIC v. Conner*, 20 F.3d 1376, 1384 (5th Cir. 1994).

5.  A determination of bad faith, satisfying the "unreasonable" prong, is proper where an attorney knowingly or recklessly pursues a frivolous claim. *Malautea v. Suzuki Motor Co., Ltd.,* 987 F.2d 1536, 1544 (11th Cir. 1993); *Manax v. McNamara*, 842 F.2d 808, 814 (5th Cir. 1988). An improper motive, which satisfies the "vexatious" prong, does not necessarily refer to bad faith or intent to harass. *Ratliff v. Stewart*, 508 F. 3d 225, 235 n. 13 (5th Cir. 2007). Vexation implies something broader than that. *Id.*

6.  To "vex" is defined, among others things, as "to bring trouble or distress to," "to subject to mental suffering," or "to irritate or annoy," as well as "to tease or torment." *Id.* (quoting Webster's Third New International Dictionary of the English Language 2548 (1981)). Consistent with this, in *Calhoun* the Fifth Circuit did not hold that the only way to establish an "improper purpose" is by showing bad faith. *Ratliff*, 508 F.3d at 235 n. 13. Indeed, any "reckless disregard of the duty owed to the court" can suffice. *Id.* (citing

*Edwards v. Gen. Motors Corp.,* 153 F.3d 242, 246 (5th Cir.1998)).

7. When an attorney's conduct is so obviously unreasonable that a court can infer an "improper purpose" from the fact that the attorney persisted in it, it is unnecessary for the court to explain at length why the vexatiousness prong has been met. *Ratliff v. Stewart*, 508 F. 3d 225, 234 (5th Cir. 2007). "Like a sliding scale, the degree and extent to which a specific explanation must be contained in the record will vary accordingly with the particular circumstances of the case, including the severity of the violation, the significance of the sanctions, and the effect of the award." *Id.* (quoting *Thomas v. Capital Security Services*, 836 F.2d 866, 883 (5th Cir. 1988) (en banc)).

8. Section 1927 may only be applied to punish attorneys. *Proctor & Gamble*, 208 F.3d at 525. Only fees and costs associated with "the persistent prosecution of a meritless claim" may be awarded. *Browning v. Kramer*, 931 F.2d 340, 345 (5th Cir. 1991). When the entire course of proceedings were unwarranted and should neither have commenced nor persisted in, an award under § 1927 may shift the entire financial burden of an action's defense. *Id*. Whether an attorney acted in bad faith does not consider the attorney's subjective intent, but rather the attorney's objective conduct. *Amlong & Amlong P.A., v. Denny's, Inc.*, 500 F. 3d 1230, 1241 (11th Cir. 2006) ("In short, a district court may impose sanctions for egregious conduct by an attorney even if the attorney acted without specific purpose or intent to multiply the proceedings.").

**B.     Standard of Law – 15 U.S.C. § 1692k.**

9. The FDCPA authorizes a court to award a defendant its reasonable attorney's fees and costs in defending a case brought in bad faith and for the purpose of harassment. 15

U.S.C. § 1692k(a)(3). Bad faith is found where a plaintiff: 1) knew that his/her claim was meritless, and 2) pursued it for the purpose of harassing the defendant. *Gills v. Deutsche Bank Trust, Co., Ams*., 2:14-cv-418, 2016 U.S. Dist. LEXIS 16966, 9* (M.D. Fla. Jan. 26, 2016). Knowledge that a plaintiff knew the claim was meritless can be proven by deposition testimony that contradicts the claims contained in the complaint. *Id*. at 10-11*.

**C.   As early as January 2022, Mr. Volheim Possessed Evidence Showing That His Client Lacked Factual Support and Continued Prosecuting Case.**

10.   Mr. Ramirez filed suit on September 3, 2021, alleging that Sequium violated the FDCPA and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. § 392 *et seq*. Doc. 1. Mr. Ramirez alleges that in the summer of 2021 he began receiving calls from Defendant. Doc 1 at ¶¶ 10-12. He further alleges that he spoke to Defendant, and demanded that Defendant cease calls to him "***on many an occasion***." Doc 1 at ¶¶ 17-19. (emphasis added).

11.   Mr. Ramirez's Complaint contains two counts, one for alleged violations of the FDCPA and one for alleged violations of the TDCA, each with subparts. As for the FDCPA count, Mr. Ramirez alleges that "Defendant violated §§ 1692b, b(3), and c(b) by contacting Plaintiff on a number of occasions seeking to collect upon a debt allegedly owed by someone else that Plaintiff does not recognize. Defendant had more than enough information to know that it was calling the wrong party. Armed with this information, Defendant nevertheless continued to call Plaintiff's cellular phone repeatedly without his consent, knowing he was not the individual obligated to pay the subject debt." Doc. 1 at ¶ 34. Mr. Ramirez alleges Defendant also violated "§§ 1692c(a)(1), d, and d(5) when it

repeatedly called Plaintiff after being notified to stop" Doc. 1 at ¶ 36. Mr. Ramirez further alleges that "Defendant violated 15 U.S.C. §§ 1692e and e(10) when it attempted to collect a debt not owed by Plaintiff. Defendant asked for someone else at Plaintiff's number multiple times whom Plaintiff does not recognize. Defendant further violated §§ 1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that it stop contacting him, Defendant continued calling." Doc. 1 at ¶¶ 41-42. Lastly, Mr. Ramirez alleges that "Defendant violated § 1692f when it unfairly and unconscionably attempted to collect on a debt not owed by Plaintiff by continuously calling Plaintiff after being notified to stop." Doc. 1, ¶ 44.

12. As for the TDCA count, Mr. Ramirez alleges that "Defendant violated the TDCA when it continued to call Plaintiff's cellular phone numerous times after he notified it to stop calling." Doc. 1 at ¶ 51. Mr. Ramirez also alleges that "Defendant violated the TDCA through the implicit misrepresentations made through calls placed to Plaintiff's cellular phone. Through its conduct, Defendant represented to Plaintiff that it had the lawful ability to continue contacting his cellular phone absent his consent. Such ability was revoked upon Plaintiff demanding that Defendant stop calling his cellular phone, illustrating the deceptive nature of Defendant's conduct." Doc. 1 at ¶ 54.

13. Each of the FDCPA and TDCA claims are predicated on the assertion that Mr. Ramirez spoke to Defendant and informed Defendant that it was calling the incorrect number and attempting to reach the wrong person, and that despite this Defendant continued to call him. However, this did not occur.

14.  Sequium's counsel made Mr. Volheim aware that his client's claim lacked any merit very early on in the case. On December 16, 2021, Sequium's counsel informed Mr. Volheim that "Sequium's position is that there is no liability." Exhibit A. In response Mr. Volheim stated that he would "take a look at discovery and act from there." Exhibit A.

15.  Discovery responses were provided to Mr. Volheim on January 19, 2022. *See* Exhibits B – C. Supplemental responses and documentation were also provided to Mr. Volheim on January 21, 2022, February 1, 2022, and March 24, 2022. *See* Exhibits D – L. These responses and documentation clearly show that Plaintiff never requested calls to cease, and in fact never even spoke to Defendant. Despite then being in possession of discovery responses that demonstrated that his client's claims had no merit, and his prior assertion that he would review same and "act from there", Mr. Volheim continued to pursue said unfounded claims. *See* Exhibit A.

16.  Counsel for Sequium again advised Mr. Volheim that their position is that of no liability, and offered to discuss any perceived violations or issues with the discovery responses once Mr. Volheim had a chance to review same. *See* Exhibit M.

17.  Mr. Volheim then attempted to assert that the basis of the claims in the case was that Sequium "recklessly skip-traced [Mr. Ramirez] and made a series of wrong-party calls." Exhibit N.) The collection practice of "skip tracing" to determine location and/or contact information for debtors is not in and of itself a violation of either the FDCPA or TDCA. However, regardless of the viability or validity of skip-tracing as a violation of either the FDCPA or TDCA, Mr. Ramirez did not assert any such claim in his Complaint, nor was the Complaint ever amended to include such claim. Therefore, it could not be a

valid basis to continue to pursue this meritless case, and yet Mr. Volheim continued to pursue frivolous claims.

18.  Thereafter, Mr. Ramirez provided deposition testimony on May 10, 2022. Said testimony clearly demonstrates that Mr. Ramirez's assertion that he spoke to Defendant and requested calls cease was untrue, and therefore his claims are meritless. Exhibit O. R. Ramirez Transcript: 21: 4-19. Here is an excerpt of Mr. Ramirez's deposition regarding his allegation that he spoke to Defendant and requested calls to cease:

>  Mr. Walker: Okay. Now, did I hear you correctly that you said that you never spoke with anyone at Sequium?
>
>  Mr. Ramirez: Yeah, I never -- I never spoke with anyone.
>
>  Mr. Walker: Okay, So you -- you mentioned that you asked Sequium to stop calling. So if you didn't speak with anyone, then could you explain a little bit more about how you asked Sequium to stop calling?
>
>  Mr. Ramirez: I just waited about five, six seconds, told them to stop calling and hung up.
>
>  Mr. Walker: But you don't believe that there was anyone on the -- on the line?
>
>  Mr. Ramirez: No.

*Id*., at 21: 4-15.

Despite this testimony clearly demonstrating what counsel for Sequium has been communicating to Mr. Volheim, that this case has no merit, Mr. Volheim still insisted on pursuing said meritless and baseless case and demanding a settlement from Sequium. *See* Exhibit P.

20. Mr. Ramirez's deposition testimony further demonstrates that Mr. Volheim was also aware that his client no longer wanted to pursue this case. <u>Exhibit O.</u> R. Ramirez Transcript: 31: 11-13.

 Mr. Walker: Okay. Are you willing to attend and testify at trial?

 Mr. Ramirez:  No. I just want this to be over with.

*Id.*, at 31: 11-13.

However, Mr. Volheim again continued to pursue this case. <u>Exhibit </u>.

21. Counsel for Defendant again attempted to reason with Mr. Volheim prior to incurring further fees for drafting a Motion for Summary Judgment, but Mr. Volheim refused to acknowledge the deficiencies of this case, and continued to demand settlement from Sequium. *See* <u>Exhibit P.</u> Thus, Sequium was forced to file its Motion for Summary Judgment on June 3, 2022. Doc. 21.

22. Thereafter on July 8, 2022. Mr. Volheim filed a Motion to Dismiss Plaintiff's Complaint with Prejudice. Doc. 24. Defendant does not oppose Plaintiff's request to dismiss all claims against
Defendant with prejudice, as it has always been Defendant's contention that this action is baseless. However, Defendant does take issue with Mr. Volheim's continued pursuit of a baseless action for months, despite having knowledge and documentation of said nature of this case.

23. In response to Mr. Volheim's actions, Sequium was forced to defend itself against a claim that lacked any factual or legal basis. Mr. Volheim was informed and provided documentation and testimony throughout this case demonstrating that the case has no merit.

Sequium was forced to engage in further discovery, prepare for and conduct Plaintiff's deposition and prepare and file its Motion for Summary Judgment despite Mr. Volheim's knowledge of the baseless nature of this case. Rather than acknowledge the lack of merit of his client's case, despite multiple indications of same throughout the course of this case, Mr. Volheim instead continued demanding settlement from Sequium and attempted to assert a claim that was not included in the Complaint. *See* Exhibit N.

24. Mr. Volheim's conduct was unreasonable. An attorney knowingly or recklessly pursuing a frivolous claim satisfies the "unreasonable" prong of bad faith. *Malautea,* 987 F. 2d at 1544. Mr. Ramirez's claims are all based upon the assertion that he spoke to Defendant, informed Defendant that it was calling the incorrect party and requests calls to cease, and that despite these requests calls continued to Mr. Ramirez. Mr. Volheim was informed that this case was meritless as early as December 2021, and has possessed evidence of same since January 2022, showing that Mr. Ramirez's assertions of speaking with Defendant and requesting calls to him cease did not happen. He possessed discovery responses in January and March 2022 evidencing same, and he was again made aware via Mr. Ramirez's May 10, 2022 deposition that Mr. Ramirez never spoke with Defendant. When the meritless nature of Mr. Ramirez's claims was pointed out to Mr. Volheim throughout the case, Mr. Volheim's response was to continue to attempt to settle an obviously baseless case. *See* Exhibits M, N, P. Such evidence shows that Mr. Volheim's conduct was unreasonable.

25. Mr. Volheim's conduct was vexatious. This prong is satisfied by showing a "reckless disregard for the duty owed to the court." *Ratliff*, 508 F. 3d at 235, n. 13. Sequium

made Mr. Volheim aware that his client's claims lacked merit, through email correspondence, discovery responses and ultimately his client's own deposition testimony. *See* Exhibits A – P. In response throughout the case, Mr. Volheim continued to request a settlement amount. Instead of acknowledging the issues with his client's claims or discussing same with his client, Mr. Volehim simply continued to assert there was a valid basis for this case, and demanded a settlement from Sequium. Such evidence shows that Mr. Volheim's conduct was vexatious.

26. Mr. Volheim's conduct multiplied the litigation. As early as January 2022, Mr. Volheim possessed evidence showing that this client's claims lacked merit. *See* Exhibits B – C. Even though he possessed such evidence, Mr. Volheim forced Sequium to defend the case. Mr. Volheim was provided further evidence via supplemental discovery responses in January and March 2022, and his own client's deposition testimony in May 2022, further evidencing that his client was wrong – he never spoke with Defendant. *See* Exhibits D – L, O. Again, with knowledge that his client's claims lacked any merit, Mr. Volheim forced Sequium to litigate the case through discovery and summary judgment. All of this was done by Mr. Volheim with full knowledge that his client did not speak with Defendant or request calls to him cease, as was alleged in the Complaint. Such evidence shows that Mr. Volheim's conduct multiplied the litigation.

27. Lastly, Sequium is seeking recovery of the reasonable costs and attorney's fees that it incurred due to Mr. Volheim's conduct. As shown above, there was no factual basis for Mr. Ramirez's claims. Both Mr. Volheim and Mr. Ramirez knew or were made aware early on in this case that there was no factual basis for Mr. Ramirez's claims. Yet, both chose to

continue litigating the case and requesting that Sequium pay a settlement to resolve. Sequium is only seeking the reasonable attorney's fees and costs it incurred in defending this frivolous lawsuit.

28. For these reasons, this Motion should be granted in its entirety, and Sequium should be allowed to move for an award of its reasonable attorney's fees and costs for defending the case.

### D. Mr. Ramirez Brought This Case In Bad Faith And For The Purpose of Harassment.

29. Mr. Ramirez brought his case in bad faith and for purposes of harassment. Knowledge that a plaintiff knew the claim was meritless can be proven by deposition testimony that contradicts the claims contained in the complaint. *Gills v. Deutsche Bank Trust, Co., Ams.*, 2016 U.S. Dist. LEXIS 16966, 10-11* (M.D. Fla. Jan. 26, 2016). Mr. Ramirez's own deposition testimony clearly contradicts the claim alleged in his complaint.

30. The entire basis for his case is the allegation that he spoke to Defendant and requested calls cease. Doc. 1, ¶ 18. Mr. Ramirez testified that that did not happen. <u>Exhibit O</u>. R. Ramirez Transcript: 21: 4-15. Here is an excerpt of Mr. Ramirez's deposition regarding his allegation that he spoke to Defendant and requested calls to cease:

   Mr. Walker: Okay. Now, did I hear you correctly that you said that you never spoke with anyone at Sequium?

   Mr. Ramirez:   Yeah, I never -- I never spoke with anyone.

   Mr. Walker: Okay, So you -- you mentioned that you asked Sequium to stop calling. So if you didn't speak with anyone, then could you explain a little bit more about how you asked Sequium to stop calling?

      Mr. Ramirez: I just waited about five, six seconds, told them to stop calling and hung up.

      Mr. Walker:  But you don't believe that there was anyone on the -- on the line?

      Mr. Ramirez: No.

*Id*., at 21: 4-15.

31.    Mr. Ramirez's deposition testimony clearly contradicts his own allegations. In the Complaint, Mr. Ramirez alleges that he spoke with Defendant and requested calls to him cease but testified that he did not ever speak with anyone at Sequium. Mr. Ramirez's deposition clearly shows that there was no factual support for the allegation that he spoke to Defendant and requested calls to him cease. Such contradiction is evidence that Mr. Ramirez knew that his claims lacked merit.

32.    For these reasons, Sequium's motion must be granted and Sequium must be awarded its reasonable attorney's fees and costs for defending a case brought in bad faith and for the purpose of harassment.

33.    WHEREFORE, PREMISES CONSIDERED, Defendant SEQUIUM ASSET SOLUTIONS, LLC, respectfully requests that this Court impose sanctions against Mr. Volheim under 28 U.S.C. § 1927 and Mr. Ramirez under 15 U.S.C. § 1692k, and further other relief, whether at law or in equity, justly entitled. If this motion is granted Sequium will file a motion or attorney's fees and costs outlining its reasonable attorney's fees and costs for defending this action.

          **[SIGNATURE BLOCK ON NEXT PAGE]**

Dated: July 15, 2022              Respectfully submitted,

                                  **MALONE FROST MARTIN PLLC**

                                  */s/ Xerxes Martin*
                                  EUGENE XERXES MARTIN, IV
                                  Texas State Bar No. 24078928
                                  Southern District of Texas Bar # 1384806
                                  Attorney-in-Charge
                                  Email: xmartin@mamlaw.com
                                  **MALONE FROST MARTIN PLLC**
                                  Northpark Central, Suite 1850
                                  8750 North Central Expressway
                                  Dallas, Texas 75231
                                  TEL: (214) 346-2630
                                  FAX: (214) 346-2631
                                  ***COUNSEL FOR DEFENDANT***

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Defendant conferred with counsel for Plaintiff regarding the relief requested. Thereafter, counsel for Plaintiff expressed that he and his client are opposed to the relief sought.

                                  */s/ Xerxes Martin*
                                  EUGENE XERXES MARTIN,IV

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been forwarded through the **CM/ECF** system on this 15th day of July 2022 to all counsel of record.

                                  */s/ Xerxes Martin*
                                  EUGENE XERXES MARTIN,IV