IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **RODOLFO RAMIREZ,** § | | |
| § | | |
| Plaintiff, § | **CASE NO.: 3:21-CV-00238** | |
| v. § | | |
| § | | |
| **SEQUIUM ASSET SOLUTIONS, LLC,** § | | |
| § | | |
| Defendant. § | | |

### DEFENDANT SEQUIUM ASSET SOLUTIONS, LLC'S RESPONSE TO PLAINTIFF'S MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant SEQUIUM ASSET SOLUTIONS, LLC ("Defendant" or "Sequium") and files its Response to Plaintiff's Motion to Dismiss as follows:

### INTRODUCTION

1. On September 3, 2021, Plaintiff filed suit alleging that Sequium violated both the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") and the Texas Debt Collection Act, Tex. Fin. Code Ann. § 392, *et seq*. ("TDCA"). Doc. 1. Plaintiff alleges that in the summer of 2021 he began receiving calls from Sequium. Doc 1 at ¶¶ 10-12. Plaintiff further alleges that he spoke to Sequium and demanded that calls cease "on many an occasion." Doc 1 at ¶¶ 17-19.

2. On September 8, 2021, Plaintiff filed an executed waiver of service. Doc. 7. This waiver of services required Sequium to file a responsive pleading on November 8, 2021. *Id*. Sequium filed its timely Answer on November 8, 2021. Doc. 11.

3. On December 8, 2021, this Court entered the Docket Control Order for this matter. Doc. 15. This Docket Control Order set the discovery cutoff on May 27, 2022 and the dispositive motion cutoff on June 3, 2022.

4. On July 8, 2022—well past the discovery cutoff, well past the summary judgment deadline, and well past Plaintiff's deadline to respond to Sequium's Motion for Summary Judgment—Plaintiff filed a Motion to Dismiss with this Court. Doc. 24.

5. Sequium opposes Plaintiff's attempt to dismiss this matter at the eleventh hour for the reasons stated in its Motion for Sanctions filed on July 15, 2022. Doc. 25. Insofar as Sequium must respond to Plaintiff's Motion to Dismiss, it does so here.

## STANDARD OF LAW

6. "Voluntary dismissal under Rule 41(a)(2) is a matter within the sound discretion of the district court, and the district court's decision on this issue is reviewed only for abuse of discretion." *Templeton v. Nedlloyd Lines*, 901 F.2d 1273, 1274-75 (5th Cir. 1990). "'The Court in dismissing under Rule 41(a)(2) should weigh the equities and make a decision which seems fairest under all the circumstances.'" *American Cyanamid Co. v. McGhee*, 317 F.2d 295, 298 n.4 (5th Cir. 1963) (quoting JAMES WM. MOORE & ALLAN D. VESTAL, MOORE'S MANUAL, FEDERAL PRACTICE & PROCEDURE, 1400, § 1907(1) (1962)).

7. The Fifth Circuit has explained that "as a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). The mere fact that a plaintiff "may gain a tactical

advantage by dismissing its suit without prejudice and refiling in another forum is not sufficient legal prejudice." *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 299 (5th Cir. 2016) (internal quotation omitted). "The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2364 (3d ed. 2018) (internal quotation omitted). Absent a showing of plain legal prejudice or other "evidence of abuse by the movant," the court should generally grant a Rule 41(a)(2) motion for voluntary dismissal. *Elbaor*, 279 F.3d at 317.

8. Courts have considered a number of factors in determining "plain legal prejudice." In *Elbaor*, the Fifth Circuit has noted the Eighth Circuit's examination of factors related to the issue of prejudice to the non-movant:

> We consider the following factors when determining whether a district court abused its discretion in denying a Rule 41(a)(2) motion: (1) the defendant's effort and the expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant.

*Elbaor*, 279 F.3d at 317 n.3 (quoting *Witzman v. Gross*, 148 F.3d 988, 992 (8th Cir. 1998)). In *Manshack v. Southwestern Elec. Power Co.*, the Fifth Circuit highlighted that "[t]he fact that additional expense will be incurred in relitigating issues in another forum will not generally support a finding of 'plain legal prejudice.'" 915 F.2d 172, 174 (5th Cir. 1990).

9. The Fifth Circuit has found that it is important, in assessing prejudice, to consider the stage at which the motion to dismiss is made. *Hartford Acc. & Indem. Co. v.*

*Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990). Therefore, "[w]here the plaintiff does not seek dismissal until a late stage and the defendants have exerted significant time and effort, the district court may, in its discretion, refuse to grant a voluntary dismissal." *Id*.

10. "Clear legal prejudice will be found where dismissal might result in a defendant's loss of a potentially valuable defense." *Glascock v. Prime Care Seven, LLC*, No. SA-08-CA-334-FB, 2008 U.S. Dist. LEXIS 50936, 2008 WL 2600149, *2 (W.D. Tex. June 26, 2008). A "typical example" of prejudice occurs when the motion to dismiss is a means of "avoiding an imminent adverse ruling." *In re FEMA Trailer Formaldahyde Prods. Liab. Litig.*, 628 F.3d 157, 162 (5th Cir. 2010).

## ARGUMENTS & AUTHORITIES

11. This case falls squarely within the parameters which the Fifth Circuit have laid out in deciding when cases should *not* be dismissed at the request of the plaintiff. *Elbaor*, 279 F.3d at 317 n.3 (quoting *Witzman*, 148 F.3d at 992); *Hartford Acc. & Indem. Co.*, 903 F.2d at 360; *In re FEMA*, 628 F.3d at 162. As explained fully in its Motion for Sanctions filed with this Court on July 15, 2022 (Doc. 25), Plaintiff and Plaintiff's counsel were given numerous opportunities to dismiss this matter earlier in the litigation process.

12. As early as December of 2021 Sequium made it clear to Plaintiff and Plaintiff's counsel that found no exposure regarding this matter. Doc. 25 at ¶ 14. Nevertheless, it is certainly reasonable that Plaintiff and Plaintiff's counsel would want proof supporting Sequium's position before deciding to dismiss the case. To that end, Sequium provided Plaintiff with its discovery responses, including proof that Plaintiff's

claims were unfounded, in early 2022. *Id*. at ¶ 15. Additionally, Plaintiff's counsel specifically said that he would "take a look at discovery and act from there." *Id*. at ¶ 14.

13. Thereafter, Plaintiff and Plaintiff's counsel were pressed on the issue again to no avail. *Id*. at ¶¶ 15-17. Then, on May 10, 2022, Plaintiff's deposition was taken. During this deposition, two (2) things were made clear: 1) that Plaintiff never actually spoke with anyone from Sequium and therefore could not have asked anyone from Sequium to stop calling, and 2) that Plaintiff had no desire to prosecute the case further. *Id*. at ¶¶ 18-20. Despite this, the case was still not dismissed.

14. Then, before drafting and filing its summary judgment motion, Sequium went to Plaintiff's counsel once more to attempt to get Plaintiff to dismiss his meritless case. *Id*. at ¶ 21. Rather than dismissing at that time, Plaintiff and Plaintiff's counsel instead attempted to squeeze a settlement out of Sequium stating, "[i]f your client wants to make a reasonable response to the settlement demand I am sure we can get this done for less than the standard rate". *Id*.; Doc. 25-17. As such, Sequium was forced to file its summary judgment on June 3, 2022.

15. It was not until *after* Sequium filed its summary judgment motion that Plaintiff and Plaintiff's counsel asked Sequium if it would agree to a dismissal. At that point, Sequium could not agree. If this had come before a large increase in litigation costs, then Sequium certainly would have been frustrated about the situation—but likely would have signed off on a dismissal with prejudice. However, as mentioned, it cannot do so now. If it did, it would only be inviting the same or similar behavior in the future.

16.     The Fifth Circuit has made clear that "[w]here the plaintiff does not seek dismissal until a late stage and the defendants have exerted significant time and effort, the district court may, in its discretion, refuse to grant a voluntary dismissal." *Hartford Acc. & Indem. Co.*, 903 F.2d at 360.  Reasonable minds can certainly disagree as to when the "late stages" of litigation begins, but surely reasonable minds would agree that anything past the summary judgment deadline falls squarely within the "late stages" of the litigation process.  Moreover, it is not as though Plaintiff or Plaintiff's counsel did not know that this was a meritless case until after Sequium's summary judgment was filed.  As detailed above, Plaintiff and Plaintiff's counsel were given many opportunities to walk away from this matter *after* proof of Sequium's defense was provided.

17.     The Fifth Circuit has also made clear that a "typical example" of prejudice that would prevent a dismissal from being entered occurs when the motion to dismiss is a means of "avoiding an imminent adverse ruling." *In re FEMA*, 628 F.3d at 162 (5th Cir. 2010).  Although Plaintiff and Plaintiff's counsel have not admitted that this is what is going on here, the fact that a dismissal has been requested as this late stage certainly begs the question—why now?  If there is another reasonable explanation as to why Plaintiff wants to dismiss the case now, it has not been provided.

18.     The fact that Plaintiff admitted during his deposition that he was not willing to attend or testify at trial must also be faced here.  If that was the case, why was the lawsuit not dismissed at that time?  The issue is even more egregious when considering the fact that Plaintiff did not even file his own motion for summary judgment.  If Plaintiff believed he could prevail at summary judgment, then maybe there is some sliver of a reasonable

excuse as to why the case continued after Plaintiff admitted he was unwilling to attend trial or testify at trial. However, if Plaintiff felt that way and did not believe in his case enough to file a motion for summary judgment, then Sequium should have never been put in a situation to have to file its own motion for summary judgment.

19. Finally, the four factors acknowledged by the Fifth Circuit in *Elbaor* are applicable here: 1) Sequium has devoted significant effort and expense in defending itself to this point, 2) Plaintiff's unwillingness to file a motion for summary judgment or go to trial shows that Plaintiff lacks diligence in prosecuting the case, 3) Plaintiff has provided no reasonable explanation as to why the dismissal is warranted at this point, and 4) Sequium has already filed a motion for summary judgment. *Elbaor*, 279 F.3d at 317 n.3.

## CONCLUSION

20. Sequium does not take the position of opposing Plaintiff's request for dismissal lightly, nor does Sequium take the position of seeking sanctions in this matter lightly. Sequium only does so insofar as it is following the precedent laid out time and time again by the Fifth Circuit. It is an abuse of the legal system to force defendants to defend itself in matters, only to bail at the last minute with the plaintiff's back is up against the wall (a situation which collection agencies such as Sequium find themselves in far too often). If this Court, in its discretion, believes that this behavior should not be allowed, then it must not allow it.[1]

---

[1] Sequium respectfully offers the Court the following two (2) options to consider when making its decision on the matter. First, this Court could deny Plaintiff's dismissal request and decide both the merits of this case and the sanctions issue. Second, this Court could

WHEREFORE, PREMISES CONSIDERED, Defendant SEQUIUM ASSET SOLUTIONS, LLC respectfully requests that this Court deny Plaintiff's request for dismissal and that this Court provide Sequium with any remedy which it finds appropriate under the circumstances.

Dated: July 29, 2022

Respectfully submitted,

*/s/ Xerxes Martin*
EUGENE XERXES MARTIN, IV
Texas State Bar No. 24078928
Email: xmartin@mamlaw.com
COOPER M. WALKER
Texas State Bar No. 24098567
Email: cwalker@mamlaw.com
**MALONE FROST MARTIN PLLC**
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
TEL: (214) 346-2630
FAX: (214) 346-2631

**COUNSEL FOR DEFENDANT SEQUIUM ASSET SOLUTIONS, LLC**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document has been forwarded via **CM/ECF** system to all parties entitled to notice of the same on this 29TH day of July, 2022.

*/s/ Cooper Walker*
COOPER M. WALKER

---

decide to dismiss the merits portion of this case and only leave the matter open to decide the sanctions issue.