## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | |
|---|---|
| RODOLFO RAMIREZ, | |
| Plaintiff, | 3:21-cv-00238 |
| v. | |
| SEQUIUM ASSET SOLUTIONS, LLC, | Honorable Judge Jeffrey Vincent Brown |
| Defendant. | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT SEQUIUM ASSET SOLUTION, LLC'S MOTION FOR SANCTIONS

NOW COMES, RODOLFO RAMIREZ ("Plaintiff"), by and through the undersigned, submitting his Response to SEQUIUM ASSET SOLUTIONS, LLC's ("Defendant") Motion for Sanctions[1] ("Defendant's Motion"), stating as follows.

## I.   INTRODUCTION

Defendant's Motion seeks sanctions against Plaintiff and his counsel pursuant to 28 U.S.C. § 1927 and 15 U.S.C. § 1692k(a)(3). Defendant's Motion is premised entirely on

---

[1] As an initial matter, Plaintiff wants to point out the disingenuous nature of Defendant's "Certificate of Conference." Defendant's counsel averred that he conferred with Plaintiff's counsel regarding the relief requested, and that "thereafter" counsel for Plaintiff expressed that he and his client were opposed to the relief sought. However, this was untrue when it was filed by Mr. Martin. On July 14, 2022, Defendant's counsel emailed Plaintiff's counsel regarding the relief requested. Plaintiff's counsel immediately called and emailed Defendant's counsel to discuss further; however, Defendant's counsel did not respond to Plaintiff's communications and instead filed its Motion *without* substantively discussing anything with Plaintiff's counsel. The parties did not substantively discuss Defendant's Motion until *after* it was filed.

the notion that Plaintiff's claims were without merit, that Defendant put Plaintiff's counsel on notice of the meritless nature of Plaintiff's claims, and that Plaintiff and his counsel nevertheless pursued Plaintiff's claims knowing them to be frivolous until dismissing the claims after Defendant moved for summary judgment.

However, Defendant's Motion is premised entirely upon a faulty assumption – the meritless and frivolous nature of Plaintiff's claims. As discussed below, Plaintiff's claims were not frivolous when filed and, even after Plaintiff's deposition had been taken and discovery had been completed, Plaintiff's claims remained colorable. Defendant's Motion further fails to cite to a single case where sanctions of any form were awarded in similar circumstances.

As such, Plaintiff's decision to dismiss his claims, with prejudice, following Defendant moving for summary judgment does not indicate any sort of vexatious or bad faith approach to the instant matter on the part of Plaintiff or his counsel. Instead, it reflects Plaintiff's desire to move on with his life and to no longer deal with this case, while simultaneously providing Defendant exactly what it wanted in this litigation – a judgment in its favor.

Defendant's efforts to prevent that outcome through unnecessary and misguided motions practice presents nothing more than an effort to harass Plaintiff and his counsel through further briefing on a case which Plaintiff is actively seeking to dismiss. Therefore, Defendant's Motion should be denied in its entirety.

## II.    **PLAINTIFF'S CLAIMS**

### A. **Plaintiff's Allegations**

2

Plaintiff's Complaint alleges several violations of the Fair Debt Collection Practices Act ("FDCPA") and Texas Debt Collection Act ("TDCA") stemming from Defendant's conduct in placing phone calls to Plaintiff's cellular phone attempting to collect upon a debt that was owed by an individual that was not Plaintiff. [Dkt. 1]. Plaintiff alleged that he would frequently experience silence and dead air when receiving calls from Defendant, and that he demanded that Defendant stop calling his phone, yet the calls continued. [*Id.* at ¶¶ 16, 18].

As a result of this alleged conduct, *inter alia*, Plaintiff brought claims under 15 U.S.C. §§ 1692b and c(b) stemming from Defendant's contact efforts directed towards a third party. [*Id.* at ¶¶ 33-34]. Plaintiff further alleged violations of 15 U.S.C. §§ 1692c(a)(1), d, d(5), e, e(10), and f through Defendant's conduct in continuing to communicate with Plaintiff following his efforts to get the calls to cease. [*Id.* at ¶¶ 25-45]. Plaintiff alleged violations of 15 U.S.C. §§ 1692e and e(10) given Defendant's collection efforts despite Plaintiff not owing the debt upon which Defendant was attempting to collect. [*Id.* at ¶ 41]. And Plaintiff further alleged that Defendant violated 15 U.S.C. § 1692d through the generally harassing manner in which it called Plaintiff and caused him to be subjected to dead air on the calls received from Respondent. [*Id.* at ¶ 38].

## B.  What Discovery Revealed

Notwithstanding Defendant's evasive and incomplete discovery responses, it was readily apparent that Defendant was, in fact, calling Plaintiff regarding a debt that was not owed by Plaintiff. Exhibit A, Defendant's Supp. Rog. Resp., Rog.11. Discovery similarly revealed that Defendant acquired Plaintiff's number by running a "skip trace" on the

3

account, which in turn associated Plaintiff's number with the intended debtor despite there being no connection between the two. *Id.* at Rog. 6.

Discovery similarly suggested that, although there may not have been any explicit conversations between the parties, Plaintiff would get calls from Defendant where no person would be on the line, and that on at least one such occasion he made a demand that the phone calls cease, yet the calls continued. [Dkt. 26-1, Pla.'s Dep. Tx., 21:4-12].

## III.   **APPLICABLE LEGAL STANDARDS**

### A.  **28 U.S.C. § 1927**

Pursuant to 28 U.S.C. § 1927, a court has the authority to sanction "[a]ny attorney or other person admitted to conduct cases in any court of the United states . . . who so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C § 1927. Any attorney sanctioned under this statute is liable for "the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *Id.* As the Supreme Court explains, § 1927 "does not distinguish between winner and losers or between plaintiffs and defendants. The statute is indifferent to the equities of a dispute and to the values advanced by the substantive law. It is concerned only with limiting the abuse of the judicial process." *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 762 (1980) (emphasis added).

"[B]efore a sanction under 28 U.S.C. § 1927 is appropriate, the offending attorney's multiplication of the proceedings must be **both** 'unreasonable' and 'vexatious.'" *F.D.I.C. v. Conner,* 20 F.3d 1376, 1384 (5th Cir. 1994) (emphasis added). "Proving that an attorney was both 'vexatious' and 'unreasonable' requires 'evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court.'" *Edwards v. General Motors Corp.,*

4

153 F.3d 242, 246 (5th Cir. 1998). "Garden-variety carelessness or even incompetence, without more, will not suffice to ground the imposition of sanctions under section 1927." *Jensen v. Phillips Screw Co.,* 546 F.3d 59, 64 (5th Cir. 2008). "Rather, an attorney's actions must evince a studied disregard of the need for an orderly judicial process . . . or add up to a reckless breach of the lawyer's obligations as an officer to the court." *Id.*

Sanctions under § 1927 are "punitive in nature and require clear and convincing evidence that sanctions are justified." *Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.,* 739 F.3d 848, 872 (5th Cir. 2014). Because of its punitive nature, § 1927 is construed strictly, *see Procter & Gamble Co. v. Amway Corp.,* 280 F.3d 519, 525 (5th Cir. 2002), and in favor of the sanctioned party. *See Conner,* 20 F.3d at 1384. Punishment under § 1927 is "sparingly applied." *Lawyers Title,* 739 F.3d at 872. Further, § 1927 sanctions "should be employed only in instances evidencing a serious and standard disregard for the orderly process of justice, lest the legitimate zeal of an attorney in representing [a] client [be] dampened." *Id.*

"Additionally, § 1927 creates liability only for *excess* costs, expenses and attorneys' fees reasonably incurred because of the attorney's unreasonable and vexatious multiplication of the proceedings." *Browning v. Kramer,* 931 F.2d 340, 344 (5th Cir. 1991) (emphasis in original). "By its terms this statute does not authorize the wholesale reimbursement of a party for all of its attorneys' fees or for the total costs of the litigation." *Id.* at 344-45. Instead, under § 1927, "only those fees and costs associated with 'the persistent prosecution of a meritless claim' may be awarded." *Id.* at 345. As such, "[e]xcept when the entire course of proceedings were unwarranted and should neither have been

commenced nor persisted in, an award under § 1927 may not shift the entire financial burden of an action's defense." *Id.* Above all else, § 1927 is a sanctions rule, not a compensation device. *Samuels v. Wilder,* 906 F.2d 272, 276 (7th Cir. 1990). An award of attorney's fees under § 1927 *must* specify what specific conduct vexatiously and unreasonably lengthened the litigation, and what period of time was wasted as a result of such conduct. *See, Browning,* 931 F. 2d at 346.

### B.  15 U.S.C. § 1692k(a)(3)

15 U.S.C. §1692k(a)(3) allows a defendant to collect reasonable attorney's fees on a finding by the court that an action brought under the Fair Debt Collection Practices Act was brought in bad faith and for the purpose of harassment. *See* 15 U.S.C. §1692k(a)(3). The Fifth Circuit has found that "[t]o recover attorney's fees under the FDCPA, the ***prevailing*** defendant must show ***affirmatively*** that the plaintiff ***brought*** the FDCPA claim in bad faith ***and*** for the purpose of harassment." *Perry v. Stewart Title Co.,* 756 F.2d 1197, 1211 (5th Cir. 1985) (emphasis added); *see also, Rodriguez v. I.C. Sys.,* 2017 U.S. Dist. LEXIS 73119, at *5-6 (W.D. Tex. May 12, 2017) ("[o]n a finding by the court that an action under this section was *brought* in *bad faith* and for the *purpose of harassment*, the court *may* award to the defendant [reasonable] attorney's fees . . . .") (emphasis in original).

The terms "bad faith" and "harassment" connote "more than simply bad judgment or negligence;" they imply "the conscious doing of a wrong because of a dishonest purpose or moral ubiquity." *Cunningham v. Credit Mgmt., L.P.,* 2010 U.S. Dist. LEXIS 102329, at *2 (N.D. Tex. Sept. 27, 2010). Section 1692k(a)(3) "should be construed narrowly as not to discourage private litigation under the FDCPA." *Wattie-Bey v. Modern Recovery*

6

*Solutions,* 2016 U.S. Dist. LEXIS 180740 (M.D. Pa. Dec. 30, 2016). "Bad faith is found where 'a plaintiff both knew that his or her claim was meritless and pursued it with the purpose of harassing the defendant." *Montero-Hernandez v. Palisades Collection, Inc.,* 2014 U.S. Dist. LEXIS 15822, at *7 (M.D. Fla. 2014). Courts have further described "bad faith" as "contemplate[ing] a state of mind affirmatively operating with furtive design or ill will." *Shah v. Collecto, Inc.,* 2005 U.S. Dist. LEXIS 19938, at *46 (D. Md. Sept. 12, 2005). Some courts describe a bad faith lawsuit as one "where the suit is so completely without hope of succeeding that the court can infer that the plaintiff brought the suit to harass . . . rather than to obtain a favorable judgment." *Glick v. Koenig,* 766 F.2d 265, 270 (7th Cir. 1985). Bad faith has further been defined as "conduct without at least a colorable basis in law." *Benner v. Negley,* 725 F.2d 446, 449 (7th Cir. 1984).

The burden incumbent upon a party attempting to establish that an action was brought in bad faith and for the purpose of harassment is substantial. *Grant v. Barro,* 2007 U.S. Dist. LEXIS 81018, at *7 (M.D. La. Nov. 1, 2007). Conclusory assertions that a party's conduct constitutes bad faith and a purpose to harass are not sufficient to justify an award of attorney's fees. *See Bonner v. Redwood Mortgage Corporation*, 2010 U.S. Dist. LEXIS 69625, at *13 (N.D. Cal. 2010) (finding that defendant's conclusory assertion that plaintiff's purpose was to harass is insufficient to entitle defendant to fees and costs under §1692k(a)(3)); *Guerrero v. RJM Acquisitions, LLC,* 499 F.3d 926 (9th Cir. 2007) (finding no evidence of bad faith or harassment besides the defense attorney's assertion that plaintiff's claims were frivolous).

**IV.**   **ARGUMENT**

7

### A. Defendant's Motion Fails To Establish The Propriety Of Sanctions Under § 1927 By Clear And Convincing Evidence

Defendant's Motion and its arguments as to the propriety of sanctions against Plaintiff's counsel under § 1927 are without merit. Defendant's position is premised upon nothing more than Defendant's conclusory assertions and its own self-serving view of the record in this matter – which falls substantially short of the "clear and convincing" evidence required for an award of sanctions under § 1927.

As a general matter, Defendant's Motion and its arguments for sanctions focuses exclusively on the purported frivolity of Plaintiff's allegations stemming from his having informed Defendant to stop calling. However, Defendant ignores Plaintiff's claims stemming from its conduct in calling a third party with no connection to the actual debt [Dkt. 1, ¶¶ 33-34, 41], as well as the claims stemming from Defendant's conduct in calling a wrong person and subjecting such person to dead air with no person getting on the line [*Id.* at ¶ 38].

As such, even if Defendant did make clear to Plaintiff's counsel that Defendant had no record of Plaintiff making a do-not-call request, the claims that have nothing to do with Plaintiff's do-not call requests would not be impacted by that fact. Defendant has failed to explain how or why such claims would be frivolous or absent support when Defendant cannot dispute that Plaintiff was not the intended targets of its collection efforts and that it subjected Plaintiff to repeated instances of dead-air on the phone calls it was placing to Plaintiff.

Even if Defendant's arguments under § 1927 are deemed to address the entirety of Plaintiff's asserted claims, they are entirely without merit. Defendant first avers that, as early as January 2022, Plaintiff's counsel was provided sufficient evidence that Plaintiff's claims lacked factual support. Generally speaking, Defendant's failure to explain or analyze *how* the evidence it provided to Plaintiff as early as January 2022 foreclosed the entirety of Plaintiff's claims dooms Defendant's Motion on its face. Defendant cannot rest its request for sanctions under § 1927 by making vague and conclusory assertions about the record in this matter and the extent to which purportedly foreclosed Plaintiff's claims.

Even if Defendant had provided some explanation of how the documents provided as early as January 2022 impacted the analysis of Plaintiff's claims, the evidence provided still would not have been, and was not, dispositive of Plaintiff's claims. This is because a plaintiff's testimony, even if it is uncorroborated by a defendant's records or otherwise inconsistent with such records, can create genuine issues of material fact for trial. *See e.g., Brown v. I.C. System. Inc.,* 2019 U.S. Dist. LEXIS 45384, at *4 (N.D. Ill. Mar. 20, 2019) (difference between debt collector's recordings and debtor's deposition testimony was a question of fact for a jury); *Marr v. Bank of America, N.A.,* 662 F.3d 963, 968 (7th Cir. 2011) (noting uncorroborated, self-serving testimony, if based on personal knowledge, may create a question of fact); *Jones v. Enhanced Recovery Co.,* 2019 U.S. Dist. LEXIS 158192, at * 8 (S.D. Ind. Sept. 17, 2019) ("[Plaintiff] has evidence that it occurred; [defendant] has evidence it never occurred. That is a classic factual dispute for the jury").

Furthermore, as a general matter, violations of the Fair Debt Collection Practices Act ("FDCPA") present fact-intensive inquiries often appropriate for jury resolution. *See Lee*

*v. Credit Mgmt., LP,* 846 F. Supp. 2d 716, 725 (S.D. Tex. Dec. 27, 2011) ("Ordinarily, the determination of whether a debt collector's conduct constituted harassment, oppression or abuse in violation of the Act is a question of fact for the jury . . . ."). Such factual intensiveness illustrates the unavailing nature of Defendant's general position that it provided Plaintiff with sufficient evidence to demonstrate the frivolity of Plaintiff's claims – given the inherently fact intensive nature of such inquiry.

With this in mind, at absolute best, Plaintiff's counsel was made aware in January 2022 that *Defendant's records* did not necessarily support the entirety of Plaintiff's claims. However, Defendant had not, and could not, foreclose all potential issues of fact permeating the instant matter merely by providing such records. It would have been entirely unreasonable and misguided for Plaintiff's counsel to assume the truth of Defendant's records absent complete discovery in the matter, especially considering that the parties were actively working through perceived deficiencies with Defendant's discovery production until March 2022.

As such, Defendant's efforts to suggest that January 2022 is the time at which Plaintiff's counsel should have realized the purported frivolity of certain claims is without merit.

At absolute best, issues with some of Plaintiff's claims became apparent following his deposition testimony on May 10, 2022, where he did admit to never *speaking* with a representative of Defendant directly. However, Plaintiff did testify that he demanded that Defendant stop calling during a phone call he received from Defendant where there was

dead-air on the call.  [Dkt. 26-1, Pla.'s Dep. Tx., 21:4-12]. Although this may not have happened on multiple occasions, as originally alleged, Plaintiff testified that it occurred.[2]

As such, following Plaintiff's deposition testimony, there was evidence that, while some of Plaintiff's initial allegations may have been imprecise, Plaintiff *did* demand that the calls stop and that calls continued thereafter. It is well-settled that calls following a demand that calls cease can present claims for relief under the FDCPA. *See e.g., Spencer v. Receivables Performance Mgmt., LLC,* 2013 U.S. Dist. LEXIS 29696, at *8 (S.D. Tex. Mar. 4, 2013) (collecting cases where debt collector's motion for summary judgment was denied "where plaintiff alleged that defendant continued to call after being asked to stop.").

Thus, although there were certain issues with Plaintiff's allegations following his deposition, there was nothing from that deposition, nor the record in general, that rendered Plaintiff's claims frivolous. Instead, the deposition supported the general notion that Plaintiff demanded the calls stop in some way. Ultimately, the question would become one of whether Plaintiff's do not call demand was made in a manner that Defendant reasonably could and/or should have responded to. This is an issue which Plaintiff's counsel has previously briefed in a factually analogous situation – *see e.g., Shannon v. State Collection Serv.,* 2021 U.S. Dist. LEXIS 25358 (W.D. Wis. Feb. 10, 2021) (summary judgment case

---

[2] Furthermore, Plaintiff's Complaint does not allege that the do not call request was made when *speaking* with Defendant. Plaintiff alleges that upon speaking with Defendant, he was made aware they were calling to collect upon the subject debt (an admittedly imprecise allegation), and that Plaintiff demanded on multiple occasions (again slightly imprecise) that the calls stop. [Dkt. 1, ¶¶ 17-18]. Plaintiff does not necessarily allege that he *spoke* to Defendant and told a representative of Defendant that the calls stop.

11

where the plaintiff made a do not call request to an automated machine rather than a live person). Plaintiff and his counsel had good-faith arguments for the FDCPA violations at issue in *Shannon*, and would have had the same good-faith arguments available here. That Plaintiff chose not to set forth those arguments in response to Defendant's summary judgment motion does not suggest any sort of acknowledgment on the part of Plaintiff or his counsel that the claims asserted here were frivolous.

Defendant's Motion thus fails on its face given that its failure to show that Plaintiff's claims were frivolous, let alone that Plaintiff's counsel knowingly pursued frivolous claims.

Defendant's Motion further suggests that, because Plaintiff testified that he was unwilling to attend and testify at trial, that Plaintiff's counsel should have known Plaintiff did not want to proceed with his claims, and should have dismissed his claims following that acknowledgement from Plaintiff. However, this argument is a complete red-herring and ignores the viable nature of Plaintiff's asserted claims as the case proceeded to summary judgment.

Therefore, Defendant's Motion has failed to offer any clear and convincing evidence that Plaintiff's counsel and his approach to this litigation unreasonably and vexatiously multiplied the proceedings in this matter. Defendant's Motion not only fails to address all of Plaintiff's alleged claims, but further fails to demonstrate the lynchpin of its case – that Plaintiff's counsel knowingly persisted in advancing frivolous claims. At no point in discovery were the entirety of Plaintiff's claims shown to be frivolous – nor does Defendant's Motion offer anything beyond conclusory assertions on this point. At best, the

record reflects that, while discovery revealed certain inaccuracies in Plaintiff's allegations, Plaintiff's claims still had support in the record and, at the very least, a good faith argument for how such facts gave rise to the violations of law alleged.

Thus, Defendant's Motion should be denied to the extent it seeks sanctions against Plaintiff's counsel pursuant to § 1927. Plaintiff's counsel did not unreasonably nor vexatiously multiply any proceedings in this matter, and Defendant's Motion falls woefully short of satisfying the "clear and convincing" evidence standard required by the Fifth Circuit prior to imposing such sanctions.

### B. Defendant Has Failed To Meet Its Affirmative Showing That Plaintiff Brought His Claims In Bad Faith And For The Purpose Of Harassing Defendant Under § 1692k(a)(3)

In addition to seeking sanctions against Plaintiff's counsel under § 1927, Defendant's Motion requests its costs and fees from Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3) for bringing this action in bad faith and for the purpose of harassment. As was the case with Defendant's request for sanctions under § 1927, its requests for sanctions under 15 U.S.C. § 1692k(a)(3) is without merit.

#### i. Defendant is not yet the prevailing party in this action

As stated above, the Fifth Circuit has found that "[t]o recover attorney's fees under the FDCPA, the ***prevailing*** defendant must show affirmatively that the plaintiff brought the FDCPA claim in bad faith and for the purpose of harassment." *Perry,* 756 F.2d at 1211 (emphasis added).

However, Defendant is not yet the "prevailing" defendant in this action. As of the filing of this Response, Plaintiff's motion to voluntarily dismiss his complaint with

13

prejudice pursuant to Fed. R. Civ. P. 41(a)(2) has not yet been ruled on by the Court. [*See* Dkt.]. As such, Plaintiff's request that the complaint be voluntarily dismissed with prejudice is, as things currently sit, worth little more than the paper on which it resides *until* the Court issues an order on Plaintiff's (opposed) motion. *See* Fed. R. Civ. P. 41(a)(2). Defendant has further set forth arguments that Plaintiff's decision to dismiss this lawsuit this late in the proceedings should result in the motion being denied. [Dkt. 26].  As such, at the time Defendant filed its Motion, it was not the prevailing party and still is not the prevailing party, and thus cannot collect fees pursuant to §1692k(a)(3).

> ### ii. Defendant's Motion fails to meet the substantial burden incumbent upon a party attempting to establish that an FDCPA action was brought in bad faith and for the purpose of harassment

Even if Defendant's request for fees under § 1692k(a)(3) were timely, it would still fail given the absence of any affirmative showing that this action was brought by Plaintiff in bad faith and for a harassing purpose. The required showing on these points is substantial, and conclusory assertions are insufficient to establish bad faith and a harassing purpose.

Defendant's position is that Plaintiff's deposition testimony contradicted his factual allegations, and therefore sanctions under § 1692k(a)(3) are appropriate. However, Defendant's argument is fundamentally flawed in a number of respects.

First, as discussed *supra.,* Defendant's argument overlooks the fact that there are claims asserted in Plaintiff's Complaint that are completely independent of any allegations regarding Plaintiff having a conversation with Defendant where he requested that the calls stop. Such allegations included claims stemming from subjecting Plaintiff to repeated

14

instances of dead-air on answered calls from Defendant and the fact that Plaintiff did not owe the debt serving as the basis of Defendant's collection efforts. Defendant does not dispute that Plaintiff was not the intended targets of its collection efforts or that it caused Plaintiff to be subjected to dead air on phone calls it placed.

Courts have found that an *entire lawsuit* needs to be found to have been brought in bad faith and for a harassing purpose in order to shift the cost of defense under § 1692k(a)(3). *Horkey v. J.V.D.B. & Assocs.,* 333 F.3d 769, 775 (7th Cir. 2003) ("Thus, [defendant] must show that [plaintiff's] entire lawsuit, and not just [a specific FDCPA claim] was brought in bad faith and for harassing purposes."). Defendant's request for its fees under § 1692k(a)(3), as well as the entirety of its Motion, is premised upon the false belief that the entirety of Plaintiff's claims rise and fall with whether or not Plaintiff told a representative of Defendant to stop the calls. However, Plaintiff's claims were clearly not so limited. Defendant's myopic focus on the contradictory nature of Plaintiff's deposition testimony thus fails to establish that Plaintiff's *entire action* was brought in bad faith and for the purpose of harassment, once again dooming Defendant's request on its face.

Second, even if Defendant's argument under § 1692k(a)(3) did cover all of Plaintiff's claims, Defendant is generally incorrect to suggest that his deposition testimony contradicted his original allegations. As discussed in *supra.* n. 2, Plaintiff did not necessarily allege that his demand that the calls stop were made during a conversation with Defendant. As such, his testimony that he made a do not call demand on a call he received from Defendant, but before a live person got on the line, does not contradict the entirety of Plaintiff's do not call allegations.

Third, to the extent there were inconsistencies between Plaintiff's original allegations and his subsequent deposition testimony, such inconsistencies do not automatically illustrate bad faith or a harassing purpose on Plaintiff's part. During his deposition, Plaintiff testified regarding his cellular phone number and instances of being contacted regarding other people's debts, as he stated: "I have a phone number that a lot of previous people have the same phone number, and they would always ask, you know, for a different person. And, you know, I would tell them, could you stop calling me, this is not so-and-so." [Dkt. 26-1, Pla.'s Dep. Tx., 17:6-10]. As such, the record reflects that, prior to Plaintiff filing this action against Defendant, Defendant was not the only debt collector attempting to collect debts from Plaintiff that were owed by someone else.

Thus, rather than illustrating any bad faith or harassing intent on the part of Plaintiff, any inconsistencies between Plaintiff's original allegations and subsequent deposition testimony are more readily explained by Plaintiff incorrectly ascribing conduct of others to Defendant. This imprecision, however, is very different from an affirmative showing of bad faith or harassing purpose. At the very least, the benefit of the doubt must be given Plaintiff, especially when considering the substantial burden applicable to § 1692k(a)(3). *Gorman v. Wolpoff & Abramson, Llp.,* 435 F. Supp. 2d 1004, 1013 (C.D. Cal. 2006) (giving the plaintiff the benefit of the doubt as to whether the case was filed in bad faith with purpose of harassment).

Fourth, Defendant's reliance on *Gillis* is misplaced. To the extent *Gillis* discussed cases involving inconsistent deposition testimony in the context of § 1692k(a)(3), the *Gillis* court noted how "plaintiffs' deposition testimonies contradicted **most of the allegations** in

16

their complaints," further noting how the complaints at issue were boilerplate in nature and submitted absent consideration as to their applicability. *Gillis v. Deutsche Bank Trust Co. Ams.,* 2016 U.S. Dist. LEXIS 16966, at *11 (M.D. Fla. 2016) (citing *Tucker v. CBE Grp., Inc.,* 710 F. Supp. 2d 1301 (M.D. Fla. 2010)). Here, most of the allegations in Plaintiff's complaint were proven true through discovery, with slight imprecision becoming apparent after Plaintiff's deposition. However, the significant distinctions between *Gillis* and the instant matter illustrate the generally inapplicable nature of the dicta upon which Defendant's entire § 1692k(a)(3) argument is based.

Finally, even assuming that some sort of bad faith on the part of Plaintiff can be inferred given the discrepancies between his allegations and subsequent testimony, there is no evidence from which Plaintiff's harassing intent in bringing this lawsuit can be inferred. As discussed *supra.,* a defendant must affirmatively show *both* that a consumer's *entire* FDCPA case was brought in bad faith *and* for the purpose of harassment. *See also, Gillis,* 2016 U.S. Dist. LEXIS 16966 at *12 (noting how the § 1692k(a)(3) standard is "two-pronged," requiring both an affirmative showing of bad faith *and* a harassing intent).

Defendant seeks to skip this evidentiary requirement by stating, in entirely conclusory fashion, that Plaintiff's purported knowledge of his meritless claims suggests both that his action was brought in bad faith and for a harassing purpose. However, this one piece of evidence cannot satisfy both prongs of the inquiry simultaneously. At most, it suggests a certain amount of bad faith on the part of Plaintiff (although again, there is no evidence to suggest that, at the time Plaintiff brought his claims, he knew there were factual inaccuracies), but not a harassing intent. Defendant presumably could have gathered such

17

evidence during Plaintiff's deposition; however, it failed to establish any testimony that would go towards shedding light on whether Plaintiff's purpose in bringing this lawsuit was to harass Defendant. Defendant was unable to do so because no such evidence exists. Absent such evidence, Defendant's Motion must be denied. *See e.g., Bonner,* 2010 U.S. Dist. LEXIS 69625 at *13.

Therefore, the Court should deny Defendant's Motion to the extent it seeks compensation for its fees from Plaintiff under § 1692k(a)(3). Defendant has failed to affirmatively establish that Plaintiff brought his entire case in bad faith and with the purpose of harassing Defendant.

## V.   <u>CONCLUSION</u>

Defendant's Motion fails to meet every burden applicable to the relief it seeks. Defendant has failed to establish by clear and convincing evidence that Plaintiff's counsel unreasonably and vexatiously multiplied the proceedings in this matter. Throughout the entirety of this case, Plaintiff had viable and colorable claims supported by the record. Defendant's contrary position is supported by nothing more than its own conclusory and self-serving view of this case.

Defendant has similarly failed to establish that Plaintiff brought this action in bad faith and for the purpose of harassing Defendant. Although Plaintiff's original claims had some factual inaccuracies, Defendant has failed to establish that Plaintiff knew of these factual inaccuracies at the time his complaint was filed, let alone suggest how the inaccuracies illustrate any bad faith. Defendant also failed to set forth any evidence from which the Court can infer Plaintiff's harassing purpose in bringing this lawsuit.

Therefore, Defendant's Motion should be denied in its entirety. The only unreasonable or harassing aspect of this case is Defendant's Motion and Defendant's resistance to Plaintiff dismissing his claims.


Dated: August 5, 2022                                          Respectfully submitted,

                                                               s/Nathan C. Volheim
                                                               Nathan C. Volheim, Esq. #6302103
                                                               Federal ID No. 3098183
                                                               Counsel for Plaintiff
                                                               Admitted in the S.D. Texas
                                                               Sulaiman Law Group, Ltd.
                                                               2500 South Highland Ave., Suite 200
                                                               Lombard, Illinois 60148
                                                               (630) 568-3056 (phone)
                                                               (630) 575-8188 (fax)
                                                               nvolheim@sulaimanlaw.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on August 5, 2022, a copy of the foregoing was filed electronically via CM/ECF with the United States District Court, Southern District of Texas, with notification being sent electronically to all counsel of record.

*s/ Nathan C. Volheim*
Nathan C. Volheim
Counsel for Plaintiff
